UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:26-cr-50-JPH-MG |
| ANDREW CASE, Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by counsel, Thomas E. Wheeler II, United States Attorney, and Kyle M. Sawa, Assistant United States Attorney, and herein submits the following sentencing memorandum. Based on the information set forth below, a sentence at the high end of the guidelines, 327 months (27.25 years), is appropriate in this case.

## I. Introduction

A child's home should be a sanctuary where they can live without fear. It should be the place where they can go to escape all the dangers that lurk in the outside world. It should be the one place a child can be certain they can trust those around them. At the very minimum, it should be a safe haven from those who seek out minors for their own sexual gratification.

But Minor Victim 1 was not offered such a luxury. Instead of a place filled with peace, stability, and joy, Minor Victim 1's home was akin to a fox in the hen house. There, the Defendant engaged in his ongoing pursuit of obtaining child pornography. It was a "rabbit hole" that he could not escape, and his problem began to "spiral." So, in addition to obtaining and distributing child pornography across the internet, the Defendant used his own home and own relative to satisfy his sexual desires. The Defendant created a video of Minor Victim 1 in various

stages of undress, directing her how to pose to expose her vaginal area while modeling thong underwear. But even that grotesque violation of Minor Victim 1's trust was not enough to quell his desires, so the Defendant moved the underwear with his hand, zoomed in the camera on Minor Victim 1's vagina, and spread Minor Victim 1's buttocks exposing her anus and vaginal area for the camera. The Defendant took advantage of Minor Victim 1's desire to please him and her willingness to follow his instructions. As a result, he exploited her innocence. That safety net of one's home had become the most dangerous place she could be.

Thankfully, the Defendant's uncontrolled desire to continue to swim in the child porn sewer led to law enforcement executing a search warrant at his residence. There, in addition to locating child pornography on the Defendant's device, they found Minor Victim 1 living in squalor. According to law enforcement on scene, they found Minor Victim 1 with lice in her hair and sleeping on the floor with bugs crawling around her. Meanwhile, the bathroom smelled like sewage, and the only available food in the house was junk food, some of which was rotten. Sadly, Minor Victim 1's home had turned into a hell she could not escape. And the Defendant was to blame.

The Defendant has directly caused harm to minors, both in revictimizing those whose images he distributed on the internet and newly victimizing his own relative. The Defendant put his desires and sexual urges over the safety of those he was supposed to protect. Such conduct does not deserve leniency; rather, it deserves a sentence at the high end of the guidelines.

## II. 3553(a) Factors

### a. Nature and Circumstances of the Offense

The offense conduct in this case contains aggravating facts which support the high end of the guidelines. The Defendant not only has a history of obtaining and distributing child pornography, but he acted on this attraction to minors when he sexually exploited Minor Victim 1.

#### i. Sexual Exploitation of Minor Victim 1

As noted above, the Defendant exploited a minor relative who was in his custody and care. The Defendant created a video over four minutes long which shows Minor Victim 1 modeling thong underwear while the Defendant is coaching her on how to pose for the camera and what underwear to try on. The video shows Minor Victim 1's vaginal area as she is changing, and just to make certain, the Defendant moved to camera to get a close up of her vagina. The Defendant was not passively watching this "show," but instead he can be seen adjusting the underwear so it shows Minor Victim 1's vagina and then spreading the child's buttocks to expose her anus and vaginal area for the camera. Finally, the video ends with Minor Victim 1 on her back with her legs spread open. This video was found on the Defendant's phone in the photo gallery amongst a large collection of child pornography obtained from the internet.

Mere seconds of sexual exploitation can cause a lifetime of trauma. Here, there are over four minutes of some of the worst moments of a child's life captured on camera, even if she may not have realized it at the time. These are moments that Minor Victim 1 will no doubt have to wrestle with and reconcile the rest of her life. To be sure, there has not been any evidence of distribution of this video across the internet. But the creation alone of this type of material by someone a child loves and trusts is the ultimate betrayal.

To that end, the parent of Minor Victim 1 provided a victim impact statement and eloquently described the harm done by the Defendant:

> Above all, I wish I could have prevented this from happening. No one deserves to have this happen. Please recognize the life long impact this has caused my sweet child.

**ii. Distribution of Child Pornography**

The Defendant repeatedly distributed child pornography, thus allowing this material to further spread throughout the internet and world. The Defendant used file sharing software which made it accessible for anyone using the same software to obtain these images and videos, including undercover law enforcement. From October to December 2024, an undercover FBI agent obtained the following files from someone using an IP address linked to the Defendant's residence:

- Sucknew 7yo swallows daddys load;
- Hispanic.-.Girl.13yo.f**k;
- (Asian).Girl.13yo.F**k;
- Pthc.5yo.insert.cumshot;
- 10yo Mandy Having Sex with Dad; and
- Pths.kristen.cum.on.face.&.mouth.

These file names leave little doubt of what is depicted -- prepubescent children engaged in sexually explicit conduct, including oral sex and sexual intercourse with adult men, often showing minors in severe discomfort and distress.

Similarly, in April 2025, law enforcement again engaged in an undercover operation in which it received child pornography on the same file sharing software from an IP address associated with the Defendant's residence. This included one video file entitled,

"(pthc).kristin.(cum.on.face.&.mouth.while.sleeping).avi." This video depicted a juvenile female who was asleep on what looks like a bed. An adult male is shown on multiple instances masturbating and ejaculating on the child's face.

In sum, the Defendant's possession and distribution of these files revictimizes these children every time they are viewed by someone with a sexual attraction to minors. Every time an image or video is distributed it makes it exponentially more difficult to control the universe of its dissemination.

**iii. Possession of Child Pornography**

Lastly, it is easy to overlook the reprehensible conduct related a defendant's collection of child pornography when it is overshadowed by the seriousness of crimes involving an identifiable victim before the Court. Understandably, the Court's primary attention should be focused on the conduct involving Minor Victim 1. But it should not forget the hundreds of images and videos of child pornography that the Defendant possessed, including 72 series of child pornography with identified minor victims.

These children were victimized in the first instance by the individual or individuals who sexually abused them and continue to be victimized as their videos and images are shared around the world. This is evident in the victim impact statements which document the ongoing battles that many go through daily. The devastating harm caused by the possession of child pornography has been long recognized by the Supreme Court and the Seventh Circuit. *See New York v. Ferber*, 458 U.S. 747, 758, n.10 (1982) (noting that a "child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography"); *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (acknowledging that the consumption of child pornography encourages its creation, as "the

greater the customer demand for child pornography, the more that will be produced"). These voices should not be forgotten in the Court's sentence.

Moreover, this collection shows the Defendant's undeniable sexual attraction to minors. Indeed, the Defendant's exploitation of Minor Victim 1 was not an aberration. Rather, his large collection of child pornography shows his persistent sexual interest in this material. An individual with a clear attraction to minors and a demonstrated willingness to act on that attraction certainly deserves nothing less than a lengthy sentence.

**b. History and Characteristics of the Defendant**

The Defendant received no favors in his upbringing. There are allegations of abuse by family members which no person should ever endure. But these allegations certainly do not excuse or explain the Defendant's criminal conduct. If anything, the Defendant is well aware of how trauma endured as a child may follow a victim through the rest of his or her life.

The Defendant clearly needs mental health treatment to help with the many demons he has encountered over the years. Similarly, the Defendant needs substance abuse treatment as he has struggled with a variety of drugs, including marijuana, crack cocaine, and "any drug [he] could find." The Defendant's work history is minimal as he has been unemployed for the last four years. The government hopes the Defendant will take advantage of the opportunities the Bureau of Prisons provides to get the counseling, treatment, and job training he needs to become a productive member of society.

The Defendant does not have any criminal history, but this is not an aberration for these types of cases. And this mitigation is already reflected in the Defendant's criminal history category. Nonetheless, his lack of criminal history does not tell the full story, as the Defendant was engaged in criminal conduct from at least as far back as October 2024 until he

was arrested in April 2025. As a result, the Court should not view the Defendant's conduct as a momentary lapse of judgment by an individual with a spotless criminal history; rather, it should be viewed as a pattern of criminal activity that did not dissipate but instead increased from collecting and distributing images to sexually exploiting his own relative. In other words, the Defendant did not make a single mistake – he made a series of choices of immense consequence to minor victims before finally being caught.

**c. Reflect the Seriousness of the Offense**

There is no debate as to the seriousness of the offenses before the Court. The Defendant chose to sexually exploit a relative under his care, distribute child pornography over the internet, and possess hundreds of images and videos of child pornography on his phone. No sentence can truly capture the seriousness of these offenses, but a sentence at the high end of the guidelines sends a strong message of how serious this conduct was.

**d. Promote Respect for the Law**

A sentence of 327 months would promote respect for the law in the Indianapolis Division and throughout the Southern District. Such a sentence sends the message that it is not acceptable to sexually exploit those in your home and further victimize those minors who may seem faceless on the internet. It is paramount we protect children from dangers in society, especially when those dangers extend to children in a defendant's own home.

Here, a child's life has been irreparably harmed. That cannot be undone. But what the Court can do is give Minor Victim 1 some peace going forward that the Defendant will remain in prison for the next several decades. The Court can give Minor Victim 1 the reassurance that during that time she will never have to look around wondering if the Defendant will be present. Although the harm inflicted by the Defendant cannot be undone, a lengthy sentence may give

Minor Victim 1 and her family renewed faith in the justice system and the law. A sentence effectively sending the Defendant away for a large percentage of the rest of his life will do just that and, in the process, promote respect for the law.

**e. Provide Just Punishment**

For offenses as serious as those before this Court, a severe sentence is necessary to provide just punishment. For the Defendant's actions, it is just that he spends a large portion of his remaining life in prison. To be sure, the Defendant will likely be able to survive a lengthy sentence due to his relatively young age. But the majority of his remaining time should be spent in prison, not the outside world, for what he has done. The Defendant has robbed a child and her parent of the chance to have a normal life, free from ongoing trauma. The Defendant made bad decision after bad decision in reaching this point. Now, the Defendant has run out of chances. A sentence at the high end of the guidelines would be just punishment.

**f. Afford Adequate Deterrence and Protect the Public from Further Crimes of the Defendant**

A lengthy sentence is needed here not just to deter criminal conduct by the Defendant but also to deter similar conduct by individuals contemplating similar behavior. While the Defendant may contend that he will likely age out of future criminal behavior, this is unconvincing. The Defendant's sustained sexual attraction to children will not simply stop because he is behind the walls of prison. The Defendant must be deterred from ever laying hands on a child again, and the most effective way to do this is to prevent his release into society.

Just as important, the sentence from the Court must send a message to all individuals who are contemplating similar behavior that this is not remotely acceptable and that you will spend most of your life in prison if you choose to repeatedly engage in this type of behavior. This was not simply the passive collection of child pornography, not matter how severe that may be. This

was distribution of that material. This was the creation of new material, using one's own relative as a pawn to satisfy one's sexual desires. Those currently engaged in or contemplating this type of behavior must receive the message that they will spend most of their lives in prison if and when they are caught. A sentence of 327 months will send this message loud and clear.

## III. Conclusion

It is hard enough to protect kids from the dangers we see. It is almost impossible to protect kids from the dangers that lurk behind closed doors. These wolves in sheep's clothing gain the trust of their victims, only to repay that trust with a lifetime of trauma. Hopefully, in time, Minor Victim 1 will be able to move past the destruction the Defendant has caused in her life. And the label of survivor will replace the label of victim. But the first step in that journey should be not having to worry for decades about the Defendant entering her life again. A sentence of 327 months in prison will provide that reassurance.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By: s/ *Kyle M. Sawa*
Kyle M. Sawa
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, Indiana 46204-3048
Tel: (317) 226-6333
E-mail: Kyle.Sawa@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, a copy of the foregoing was filed electronically with notice to registered parties.

s/ *Kyle M. Sawa*
By: Kyle M. Sawa
Assistant United States Attorney